IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **PROPERTY DISCLOSURE TECHNOLOGIES LLC,** | § § § § § | |
| Plaintiff, | § § | |
| vs. | § § | CASE NO. 6:14cv13-JDL |
| **BETTER HOMES AND GARDENS REAL ESTATE LLC,** *et al.*, | § § § § | |
| Defendants. | § | |

# ORDER

Before the Court is Plaintiff Property Disclosure Technologies LLC's ("Property Disclosures" or "Plaintiff") Motion to Dismiss Defendant JBGoodwin Realtors, Inc ("JBGoodwin" or "Defendant"). Doc. No 229. ("MOT."). Defendant responded (Doc. No. 233) ("RESP.") and Plaintiff replied (Doc. No. 236). Upon consideration of the parties' arguments and for the reasons set forth herein, the Motion is **GRANTED-IN-PART**.

## BACKGROUND

Plaintiff filed complaints against multiple defendants in January of 2014, alleging infringement of U.S. Patent No. 7,584,167 ("the '167 Patent) and U.S. Patent No. 7,945,530 ("the '530 Patent"). Doc. No. 1.[1] Plaintiff later amended its Complaint, adding U.S. Patent No. 8,630,974 ("the '974 patent) ("Patents-in-Suit," collectively). Doc. No. 26. On May 2, 2014, JBGoodwin filed its Answer and Counterclaim. Doc. No. 58. In the Counterclaim, JBGoodwin asserts three claims for declaratory judgment of validity and non-infringement, as well as a fourth claim that the case is exceptional, entitling JBGoodwin to attorneys' fees. Doc. No. 58.

---

[1] *See also* Case Nos. 6:14cv15, 6:14cv16, 6:14cv17, 6:14cv18, 6:14cv19, 6:14cv20, 6:14cv32, 6:14cv34, 6:14cv35, 6:14cv36, 6:14cv37 filed in January of 2014 in addition to 6:14cv653 filed on July 25, 2014.

The Patents-in-Suit are titled "Real Estate Disclosure Reporting Method" and generally relate to assembling a real estate disclosure report. *Id.*

Several defendants filed a Motion to Dismiss under 12(b)(6) alleging ineligible patentable subject matter under 35 U.S.C. § 101 (Doc. Nos. 28, 35 and 42). Subsequently, eleven cases were consolidated into the instant action. Doc. No. 38. Shortly thereafter, settlements were reached with a majority of the parties filing Stipulations of Dismissal (Doc. Nos. 115, 175, 180, 197, 199 and 203) and as of December 18, 2014, JBGoodwin was the sole remaining Defendant. On December 24, 2014, Plaintiff filed a Stipulation of Dismissal with a corresponding Covenant Not to Sue (Doc. No. 228) and the instant motion to dismiss for lack of subject matter jurisdiction in light of the covenant not to sue (Doc. No. 229). Defendant responded agreeing to the dismissal of Plaintiff's infringement claims, but opposing the dismissal of Defendant's counterclaims and requesting that attorney's fees be awarded. Doc. No. 233. A Claim Construction hearing is scheduled for January 29, 2015 and trial is scheduled October 13, 2015. Doc. No 227.

## DISCUSSION

At the outset, the Court notes Defendant agrees to the dismissal of Plaintiff's infringement claims with prejudice. RESP. at 13. At issue is whether Defendant's counterclaims present a case or controversy for the Court to consider. Plaintiff argues that its covenant not to sue divests the Court of subject matter jurisdiction because there is no longer a case or controversy under the Declaratory Judgment Act. The Court agrees.

To maintain a claim under the Declaratory Judgment Act, there must be an "actual controversy" between the parties. *See* 28 U.S.C. § 2201(a). The "actual controversy" requirement is rooted in Article III of the U.S. Constitution, which provides for federal jurisdiction over only "cases and controversies." *SanDisk Corp. v. STMicroelectronics, Inc.*, 480

F.3d 1372, 1378 (Fed. Cir. 2007). Where jurisdiction over a declaratory judgment action is challenged, the burden falls on the party bringing the claim to establish that jurisdiction exists. *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1058 (Fed. Cir. 1995) (*rev'd on other grounds*).

In *MedImmune Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007), the U.S. Supreme Court examined the Article III case or controversy requirement as it pertains to the Declaratory Judgment Act. The Court held that "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between the parties, having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. *MedImmune,* 549 U.S. at 771. The Court emphasized that the dispute at issue must be definite and concrete; and allow for specific and conclusive relief, as opposed to an opinion advising what the law would be upon a hypothetical state of facts. *Id*. (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-241 (1937)). Under these principles, the Federal Circuit has held that, in the context of no licensing agreement, a case or controversy exists when a patentee asserts patent rights based on identified ongoing or planned activity of another party, and where that party contends it has the right to engage in such activity without a license. *Sandisk*, 480 F.3d at 1381.

Here, no licensing agreement currently exists. Therefore, jurisdiction depends on whether Plaintiff "asserts rights under a patent based on certain identified ongoing or planned activity of [Defendant], and where [Defendant] contends that it has the right to engage in the accused activity without license." *SanDisk*, 480 F.3d at 1381. It is reasonable to assume that Defendant will continue implementing websites which provide computerized real estate searching and reporting functionality. It is also reasonable to assume that Defendant asserts the

right to engage in this activity without a license. Therefore, the significant question is whether, taking all facts into consideration, Plaintiff's conduct constitutes an assertion of rights, resulting in an actual controversy.

There is no dispute that Plaintiff's filing of the underlying complaint constituted an assertion of rights under the Patents-in-Suit. Therefore, at the time Defendant filed its counterclaims, there was an actual controversy that conferred subject matter jurisdiction on this Court. However, actual controversy must be extant at all stages of litigation, not merely at the time the complaint is filed. *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). Intervening conduct that extinguishes the controversy will negate jurisdiction. *See Super Sack*, 57 F.3d 1054 (Fed. Cir. 1995).

Here, such intervening conduct occurred when Plaintiff entered into a written covenant not to sue Defendant. The covenant expressly and unconditionally agrees to not sue Defendant for infringement as to the Patents-in-Suit as follows:

> JBGoodwin Realtors, Inc. ("JBGoodwin"), the remaining defendant in this lawsuit, shall have no past, present, or future liability to [Property Disclosure Technologies ("PDT")] or any successors-in-interest to the [Patents-in-Suit] for any infringement, direct or indirect, of any claims of the [Patents-in-Suit].
>
> PDT covenants that it will not ever bring any action, assert any claim or otherwise seek any legal, equitable or other relief for any infringement, direct or indirect, of any of the claims of the [Patents-in-Suit] against JBGoodwin, *or against any other person based upon any activity of JBGoodwin*. This covenant shall be binding upon any successors-in-interest to the [Patents-in-Suit]. This representation, stipulation, and covenant does not apply to any person with regard to any activity by that person independent from any activity of JBGoodwin.

Pl.'s Stipulation of Dismissal and Covenant Not to Sue, Doc. No. 228, ¶¶ 2-3 (emphasis added).

Defendant argues that the covenant fails to release JBGoodwin's officers, directors, employees, independent contractors and/or agents. RESP. at 4. However, the language "*against any other person based upon any activity of JBGoodwin*" unconditionally relinquishes Plaintiff's

4

rights to sue *anyone* associated with the activities of JBGoodwin.  Thus, JBGoodwin's officers, directors, employees, independent contractors, agents, and suppliers cannot be sued due to their activities associated with JBGoodwin.  Therefore, the Court finds the covenant sufficiently broad to constitute a relinquishment of the rights originally asserted under the Patents-in-Suit.

As to Defendant's assertion that this is an extraordinary case entitling it to fees under 35 U.S.C. § 285, the Court does not find anything exceptional about the parties' conduct in this case based on the record before it.  However, the Court retains jurisdiction over this issue and Defendant is not prejudiced as to a future request for an award of fees.

## CONCLUSION

Based on the foregoing, the Court finds that Plaintiff's covenant not to sue eliminates any actual controversy that forms the basis for Defendant's claim under the Declaratory Judgment Act.  As such, the Court **GRANTS-IN-PART** Plaintiff's Motion to Dismiss.  Plaintiff's infringement claims are hereby **DISMISSED WITH PREJUDICE**.  Defendant's counterclaims are **DISMISSED WITHOUT PREJUDICE**.  Defendant may file a motion seeking fees and/or costs related to this matter within 30 days of the date of this Order.

**So ORDERED and SIGNED this 21st day of January, 2015.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE